Dolores **AYALA–VALVERDE**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–70765.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2003.*

Decided May 22, 2003.

Before: BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Dolores Ayala–Valverde ("Ayala"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the Immigration Judge's order finding her removable for alien smuggling. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition.

Ayala argues that her removal order violates due process. But the record establishes that Ayala received notice of the government's proposed action, and was afforded a full and fair hearing. The pertinent statute renders removable any alien

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

who knowingly encourages, induces, assists, abets, or aids any other alien in unlawfully entering the United States. *See* 8 U.S.C. § 1227(a)(1)(E)(i). Having reviewed the record, we are satisfied that the government carried its burden of proving by clear and convincing evidence that Ayala was removable. *See* 8 U.S.C. § 1229a(c)(3)(A).

To the extent, if any, that one construes Ayala's due process argument as implicating substantive due process rights, her argument fails because she has not identified a fundamental liberty interest allegedly affected by her removal proceedings. *See Washington v. Glucksberg,* 521 U.S. 702, 720–21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997) (for discussion of relevant principles with citation to authorities).

In the alternative, Ayala contends that she is eligible for cancellation of removal. Ayala never raised this claim before the BIA. Consequently, she has not exhausted her administrative remedies, and we lack jurisdiction to review her argument. *See* 8 U.S.C. § 1252(d)(1). But even if the court were inclined to entertain Ayala's argument, she is not eligible for cancellation of removal having previously been granted a waiver of deportation. *See* 8 U.S.C. § 1229b(c)(6). Her claim would therefore fail for lack of prejudice, a necessary predicate for any due process claim. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir.2000).

PETITION DENIED